Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHARMING BEATS LLC,                                              Case No.: 21-cv-6055

                        Plaintiff,                  **ECF CASE**

                v.                                **COMPLAINT AND JURY DEMAND**
                                                     **FOR DAMAGES FOR COPYRIGHT**
ALTICOR INC. and SIGNATURE TRACKS LLC,    **INFRINGEMENT**

                        Defendants.
----------------------------------------------------------------x

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendants ALTICOR INC. and SIGNATURE TRACKS LLC for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

2. Both defendants are headquartered out of state, and intentionally infringed plaintiff's copyrighted recording and composition *Steeltown (Ambient)* (the "Copyrighted Track) from outside of the state.

3. Both defendants generate significant income from interstate and international commerce.

4. This Court has jurisdiction over both defendants pursuant to CPLR 302(a)(3)(ii).

5. Both defendants regularly do or solicits business, or engage in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

6. Defendant SIGNATURE contracted with plaintiff in this Judicial District.

7. Defendant SIGNATURE executed a settlement agreement with plaintiff in this Judicial District.

8. This Court has jurisdiction over both defendants pursuant to CPLR 302(a)(3)(i).

## VENUE

9. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

10. There are no due process concerns in light of the fact that defendants committed an intentional tort that they each knew would have an effect in this Judicial District.

11. Defendants conduct significant commerce and generate significant revenue from this Judicial District and reasonably know they may be haled into this forum.

## PARTIES

12. Plaintiff CHARMING BEATS LLC is a New York limited liability company with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

13. Upon information and belief, defendant ALTICOR INC. ("AMWAY") is a corporation formed under the laws of the state of Michigan with a headquarters located at 7575 East Fulton Road, Ada, MI 49355.

14. Upon information and belief, defendant SIGNATURE TRACKS LLC ("SIGNATURE") is a limited liability company formed under the laws of the state of California with a headquarters located at Ashwood Ave, Los Angeles, Ca 90066.

## FACTS

15. Plaintiff is the sole owner by assignment of all rights to the original musical recordings and compositions titled *Steeltown (Ambient)* – U.S. Copyright Registration No. SR 708-541 (the "Copyrighted Track"). See **Exhibits 1** and **2.**

16. The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

17. Defendant AMWAY is a controversial multi-level marketing (MLM) company. As the Federal Trade Commission found, defendant AMWAY business model requires "participants to purchase the right to earn profits by recruiting other participants, who themselves are interested in recruitment fees rather than the sale of products."

18. Defendant SIGNATURE is a music licensor.

## THE INFRINGEMENT BY AMWAY

19. The within infringement is not the first-time defendant AMWAY was contacted by plaintiff regarding the unlicensed commercial exploitation of its copyrighted tracks.

20. On October 13, 2020, defendant AMWAY was contacted about its unlicensed commercial exploitation of plaintiff's copyrighted track *Call*.

21. On February 25, 2021 defendant SIGNATURE's counsel responded on behalf of defendant AMWAY, claiming the infringement by AMWAY was from a May 17, 2016 video which was released due to a prior settlement between plaintiff and defendant SIGNATURE in which all claims prior to the April 25, 2017 (the Effective Date") were released.

22. By email dated February 25, 2021 from plaintiff's counsel, plaintiff disagreed with the asserted fact that defendant AMWAY's infringement from May 17, 2016 was released, stating:

> I reviewed the documents you sent, and they are troubling. Signature Tracks granted a "buy out" of the rights to my client's copyrighted compositions and recordings which did not fall under the grant of rights section of the Yesh Music, LLC/Signature Tracks Agreement.
>
> My client has no intention of pursuing any claim against Alticor (Amway), but does not agree with Signature Tracks' position that continued use of any of my client's copyrighted compositions and recordings by non-parties falls under the Settlement Agreement and Release between Yesh Music, LLC and Signature Tracks/Sephora.

See **Exhibit 3**.

23. The February 25, 2021 email from plaintiff's counsel also stated:

> As a courtesy to you, and on that basis alone, my client will not pursue its claims for copyright infringement against Alticor (Amway). Any use by any party initiated after the Effective Date of the Settlement Agreement and Release between Yesh Music, LLC and Signature Tracks/Sephora will be pursued. All of my client's rights at law and in equity are preserved.

See **Exhibit 3**.

24. It was made clear, however, that "[a]ny use by any party initiated after the Effective Date [April 25, 2017] of the Settlement Agreement and Release between Yesh Music, LLC and Signature Tracks/Sephora will be pursued." See **Exhibit 3**.

4

25. In August 2020, defendant AMWAY created an advertisement for its MLM business and its product Nutrilite titled "NUTRILITE children's nutrition talk" (the "Infringing Advertisement").

26. Defendant AMWAY, without license or authority, reproduced and synchronized the Copyrighted Track from 7:21 to 10:55 of the Infringing Advertisement.

27. On August 31, 2020 and again on September 22, 2020, defendant AMWAY, without license or authority, distributed the Infringing Advertisement to YouTube where it was publicly displayed on defendant AMWAY's YouTube page located at <https://www.youtube.com/watch?v=i5gZYOFnNL0>, and <https://www.youtube.com/watch?v=j0BzA33O6ns>.

28. By email from plaintiff dated September 16, 2021, plaintiff informed defendant AMWAY that there was no license for defendant AMWAY's reproduction, synchronization, distribution, or public display of the Copyrighted Track. See **Exhibit 4**.

29. Defendant AMWAY responded by email dated September 17, 2021, stating:

> Amway has a license agreement which covers its lawful use of the subject music. The below inquiry appears to be an error, and perhaps the confusion is due to the multiple names used for entities. Amway (also known as Alticor Inc.) has a licensing agreement with Signature Tracks, LLC, which fully covers Amway's use of the subject music. Signature Tracks owns full rights to this music and previously hired Yesh Music (also known as American Dollar Band) to create the music for Signature Tracks sublicensing on Signature Tracks' music library. Further to Signature Tracks discussion earlier this year with Yesh Music, YeshMusic has explicitly agreed to not bring any claims against Alticor Inc. (also known as Amway) for use of music from Signature Tracks' music library.

See **Exhibit 4**.

30. Defendant AMWAY's response is so replete with demonstrably erroneous statements that its intent to infringe plaintiff's rights can be inferred.

5

31. Defendant AMWAY was well-aware of the fact that defendant SIGNATURE was prohibited from licensing plaintiff's copyrighted recordings and compositions after the April 25, 2017 Effective Date. Defendant AMWAY was informed of this fact after the prior infringement.

32. Defendant AMWAY could not have possibly had a valid license from defendant SIGNATURE, or any other entity.

33. Defendant AMWAY's claim that "Signature Tracks owns full rights to this music and previously hired Yesh Music (also known as American Dollar Band) to create the music for Signature Tracks sublicensing on Signature Tracks' music library" is factually incorrect, and functionally bizarre.

34. Defendant SIGNATURE never owned the rights to plaintiff's copyrighted recordings and compositions, nor did defendant SIGNATURE ever hire plaintiff, or its predecessor, to create music.

35. Defendant SIGNATURE was expressly prohibited from including the Copyrighted Track, and every other track owned by plaintiff, in its library, and was barred from issuing any licenses for the Copyrighted Track, and all other tracks owned by plaintiff, after April 25, 2017.

36. Defendant AMWAY falsely claimed "[f[urther to Signature Tracks discussion earlier this year with Yesh Music, Yesh Music has explicitly agreed to not bring any claims against Alticor Inc. (also known as Amway) for use of music from Signature Tracks' music library."

37. There is no basis for defendant AMWAY's statement. The February 25, 2021 email from plaintiff's counsel stated that as a courtesy plaintiff would not pursue the prior

6

infringement because while it was not a covered use, it did come before the Effective Date. See **Exhibit 3**.

38. The February 25, 2021 email from plaintiff's counsel explicitly stated that any use after the Effective Date would be pursued, and "[a]ll of my client's rights at law and in equity are preserved." See **Exhibit 3**.

39. Defendant AMWAY was well-aware of the facts that defendant SIGNATURE could not issue a license after April 25, 2017, and any use after that date would result in litigation.

40. By letter dated October 19, 2021, plaintiff's counsel responded to both defendants stating:

> In Mr. Terry's email response to my client dated September 17, 2021, he claimed Amway's copying, distribution, synchronization, and public display of the Copyrighted Track was licensed pursuant to an Agreement between AmWay (Alticor) and Signature Tracks. That, however, is not possible in light of the dates the Infringing Advertisement was created, and posted.

See **Exhibit 5**.

41. The October 19, 2021 letter from plaintiff's counsel also stated:

> As an initial matter, Signature Trax was prohibited from including my client's copyrighted musical recordings and compositions in its music library after April 25, 2017. The Infringing Advertisement was created in 2020, and posted on AmWay's YouTube page on August 31, 2020 and again on September 22, 2020. Even if my client's Copyrighted Track was included in the "Exhibit A" to the Signature Trax/Alticor 2015 agreement (which has yet to be proven), the Copyrighted Track was deemed removed from the Signature Trax music library, by contract, after April 25, 2017. Even if Alticor (Amway) and Signature Trax renewed the 2015 Agreement, or entered into a new agreement, my client' Copyrighted Track was prohibited from inclusion in the Signature Trax library after April 25, 2017. **Alticor was made aware of this prohibition after the prior dispute between my client and Alticor was raised in October 2020. That dispute, however, involved a video posted on May 17, 2016 (prior to the April 25, 2017 prohibition date).**

7

See **Exhibit 5** (emphasis added).

42. Defendant SIGNATURE responded on October 28, 2021, stating that the matter was under review. See **Exhibit 6**.

43. Despite the express notifications to defendant AMWAY, on at least three occasions, that the Infringing Advertisement was not licensed, and a demand to cease-and-desist was made, defendant AMWAY has refused to remove the Infringing Advertisement from its YouTube page.

44. As of the date of this Complaint, the Infringing Advertisement is still active and available to the public in two separate places on defendant AMWAY's YouTube page.

45. Defendant AMWAY has infringed, and continues to infringe, plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Copyright Act by its unlicensed reproduction, distribution, and public display of the Copyrighted Track.

46. Plaintiff is entitled to all of its compensatory damages from defendant AMWAY's direct infringement of plaintiff's rights as set forth in 17 U.S.C. § 106, or the election of an enhanced statutory damage award pursuant to Section 504(c) of the Copyright Act, plus its reasonable attorneys' fees and costs incurred in this action.

## THE INFRINGEMENT BY DEFENDANT SIGNATURE

47. Defendant SIGNATURE was repeatedly made aware of the fact that the Copyrighted Track, and all other tracks owned by plaintiff, were prohibited from inclusion in defendant SIGNATURE's music library after April 25, 2017.

48. Defendant SIGNATURE executed an agreement stating exactly that prohibition.

49. Despite a prior written agreement, and three separate notices, defendant SIGNATURE maintained unlicensed reproductions of plaintiff's Copyrighted Track, and numerous other tracks owned by plaintiff, in its library after April 25, 2017.

50. Defendant SIGNATURE made the Copyrighted Track, and numerous other copyrighted tracks, owned by plaintiff available to its clients, and publicly displayed the Copyrighted Track, and numerous other copyrighted tracks, without a license or authority after April 25, 2017.

51. Defendant SIGNATURE infringed plaintiff's exclusive rights to the Copyrighted Track and numerous copyrighted tracks owned by plaintiff, pursuant to 17 U.S.C. § 106.

52. Plaintiff will obtain the identity of the other copyrighted tracks that have been infringed, but that information is solely in the custody of defendant SIGNATURE at this time.

53. After April 25, 2017, defendant SIGNATURE has licensed plaintiff's copyrighted tracks to defendant AMWAY, and, upon information and belief, other third-parties, without a license or authority.

54. Defendant SIGNATURE has materially contributed to the infringement of defendant AMWAY and other third-parties.

55. Defendant SIGNATURE has infringed plaintiff's exclusive rights to the Copyrighted Track, directly and indirectly, as set forth in Section 106 of the Copyright Act by its unlicensed reproduction, distribution, and public display of the Copyrighted Track.

56. Plaintiff is entitled to all of its compensatory damages due to defendant SIGNATURE's direct and indirect infringement of plaintiff's rights as set forth in 17 U.S.C. § 106, or the election of an enhanced statutory damage award pursuant to Section 504(c) of the

Copyright Act for each copyrighted track infringed by defendant SIGNATURE, plus its reasonable attorneys' fees and costs incurred in this action.

## DMCA VIOLATIONS

57. Defendant AMWAY was well-aware of the copyright management information plaintiff includes with the Copyrighted Track; namely the identity of the Copyrighted Track, the author of the Copyrighted Track, the owner of the Copyrighted Track, and information about the terms and conditions of use of the Copyrighted Track.

58. Defendant AMWAY failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

59. Defendant AMWAY violated 17 U.S.C. § 1202(b) – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus the reasonable attorneys' fees, and costs incurred in this action.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
### (Against All Defendants)

60. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

61. It cannot be disputed that the plaintiff has a valid, registered copyrights, and owns all rights to the Copyrighted Track.

62. Defendants without license or authority from plaintiff, reproduced, distributed, synchronized, and/or publicly displayed the Copyrighted Track.

63. Defendants' infringing conduct was done for the sole purpose of commercial gain.

64. Defendants' commercial exploitation of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

65. Defendants' commercial exploitation of the Copyrighted Track was not transformative.

66. Defendants elected to reproduce, publicly display, and/or distribute plaintiff's Copyrighted Track, using the entirety of the Copyrighted Track, without a license.

67. There are numerous other copyrighted compositions and recordings that defendant SIGNATURE has infringed which will be identified and included here.

68. As a direct and proximate result of defendants' acts of infringement of plaintiff's exclusive rights to the Copyrighted Track(s) as set forth in Section 106 of the Act and elsewhere, plaintiff has incurred damages, and requests an award of plaintiff's compensatory damages, plus defendants' profits in excess of plaintiff's compensatory damages, and the reasonable costs, and attorneys' fees incurred in this action. Plaintiff may also elect to recover a statutory damage award for each copyrighted track infringed from each defendant pursuant to 17 U.S.C. § 504(c)(2) for their willful infringement of up to $150,000, but not less than $30,000 per statutory award.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq.**
**(Against Defendant AMWAY Only)**

69. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

70. Defendant AMWAY failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the

11

Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

71. Defendant AMWAY continued to publicly display the Copyrighted Track, with no identifying information, after multiple notices.

72. Defendant AMWAY violated the DMCA each time it wrongfully distributed or publicly displayed the Copyrighted Track without the copyright management information.

73. Defendant AMWAY did the forgoing with the intent to conceal the infringement.

74. Plaintiff seeks award of statutory damages for each violation of Section 1202(b) of the DMCA by defendant AMWAY in the sum of $25,000, plus the reasonable attorneys' fees, and costs incurred in this action.

### THIRD CLAIM FOR RELIEF
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against Defendant SIGNATURE Only)

75. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

76. Defendant SIGNATURE materially contributed to the direct infringement by defendant AMWAY by providing access to plaintiff's Copyrighted Track after April 25, 2017 without a license or authority.

77. Upon information and belief, defendant SIGNATURE materially contributed to the infringement of plaintiff's copyrighted compositions and recordings by other third-party infringers.

78. Defendant SIGNATURE did the forgoing for the sole purpose of financial gain.

79. As a direct and proximate result of defendant SIGNATURE's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act and

elsewhere, plaintiff has incurred damages, and requests an award of plaintiff's compensatory damages, plus defendant SIGNATURE's profits in excess of plaintiff's compensatory damages, and the reasonable costs, and attorneys' fees incurred in this action. Plaintiff may also elect to recover a statutory damage award for each copyrighted track infringed from each defendant SIGNATURE pursuant to 17 U.S.C. § 504(c)(2) for its willful infringement of up to $150,000, but not less than $30,000 per statutory award.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and awarding plaintiff as follows:

1. restitution of defendants' unlawful proceeds in excess of plaintiff's compensatory damages;

2. plaintiff's compensatory damages in an amount to be ascertained at trial;

3. a statutory damage award against each defendant for each copyrighted track infringed in favor of plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award to plaintiff of statutory damages against defendant AMWAY for each violation by defendants of the DMCA, 17 U.S.C. § 1203;

5. plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 1, 2021　　　　　　　　　**GARBARINI FITZGERALD P.C.**
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　By: *Richard M. Garbarini*
　　　　　　　　　　　　　　　　　　　　　　　　Richard M. Garbarini (RG 5496)